JOHN PELL & SON, Inc., v. PROTECTOR LAST REINFORCING CO.

(Circuit Court of Appeals, Third Circuit. January 5, 1914.)

No. 1767.

PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—REINFORCED SHOE LAST.
    The Baker patent No. 870,760 for a reinforced shoe-last *held* valid and infringed.

Appeal from the District Court of the United States for the District of New Jersey; Joseph Cross, District Judge.

Suit in equity by the Protector Last Reinforcing Company against John Pell & Son, Incorporated. Decree for complainant, and defendant appeals. Affirmed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

For opinion below, see 204 Fed. 453.

W. J. Ennisson, of New York City, for appellant.

George H. Maxwell, of Boston, Mass., for appellee.

Before GRAY, BUFFINGTON, and McPHERSON, Circuit Judges.

J. B. McPHERSON, Circuit Judge. The patent now in dispute—No. 870,760, for a reinforced shoe-last, issued November 12, 1907, to the inventor, Winthrop B. Baker—has been sustained, and infringement has been found, in a comprehensive opinion of the District Court reported in 204 Fed. 453. The opinion displays the painstaking care and the marked ability that characterized the work of the late Judge Cross, and we agree not only with his conclusions, but in the main with his reasoning also. He may perhaps have made one or two incorrect, or inadequate, statements of fact, but they are not important enough to vitiate his argument, or to require special notice.

The invention is not epoch-making, but we think it has patentable merit. In fact, the defendant's persistent attack is hard to understand, unless we suppose that such merit exists, and is really recognized by the defendant, although no doubt with much reluctance. Neither (unless we suppose that the combination of fiber and leather has genuine advantages) is it easy to understand why the defendant should use it —for we have no doubt that the defendant did use it—while the art was offering an unpatented device, made from strips of leather alone, that is vigorously asserted to be equal in all respects to the patented invention. Again and again the defendant insists upon the conspicuous merits of the leather strips, and attempts to demonstrate their admirable qualities in comparison with the fiber and leather of the patent in suit. The inevitable inquiry is at once presented, Why then did the defendant apparently prefer the patented combination?

Neither are we satisfied that the evidence establishes beyond reasonable doubt that Baker's strips were suggested to him by some other person before the patent was applied for. Upon this point the requisite quality of proof is well known, and in our opinion Judge Cross applied the rule correctly.

The argument that the specification is too vague to convey sufficient information to the public is not impressive. Exercising the expected skill of the calling, the defendant seems to have had no difficulty in choosing a satisfactory "fibrous substantially incompressible material"; and the facts of the present controversy do not call upon us to decide precisely how broad the true scope of the claims in this particular may be. They certainly include the strips used by the defendant.

The decree is affirmed.